a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TIMOTHY DESHUN KELLY #420218,<br>Plaintiff | CIVIL DOCKET NO. 5:22-CV-00389<br>SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TIM HOOPER,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed by pro se Petitioner, Timothy Deshun Kelly ("Kelly"). Kelly is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Kelly challenges the constitutionality of his conviction and sentence.

Because Kelly's Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Kelly was convicted of third-degree rape, and sentenced as a fourth-felony habitual offender to life imprisonment. *State v. Kelly*, 51,701 (La. App. 2 Cir. 5/23/18); 244 So.3d 1251. On appeal, Kelly argued that there was insufficient evidence to convict him, and that his sentence was excessive. The conviction and sentence were affirmed. *Id.* The Louisiana Supreme Court denied writs on January 8, 2019. *State v. Kelly*, 2018-0988 (La. 1/8/19); 259 So.3d 1023.

1

On March 27, 2020, Kelly filed an application for post-conviction relief alleging ineffective assistance of counsel. ECF No. 1-3 at 100. He filed a supplemental brief on August 6, 2020, seeking relief because he had been convicted by a non-unanimous jury.[1] ECF No. 1-3 at 130. The application was denied, and the appellate court denied writs. On September 27, 2021, the Louisiana Supreme Court also denied writs. *State v. Kelly*, 2021-00572 (La. 9/27/21); 324 So.3d 79.

Kelly filed this § 2254 Petition dated February 2, 2022, claiming that his conviction is unsupported by the evidence; his sentence is constitutionally excessive; and that he received ineffective assistance of counsel at trial. ECF No. 1.

II.  **Law and Analysis**

    A.  **Kelly's Petition (ECF No. 1) is controlled by Rule 4 of the Rules Governing § 2254 Cases.**

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This is such a pleading.

    B.  **Kelly's Petition is untimely.**

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute

---

[1] In *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020), the United States Supreme Court held that the Sixth Amendment requires a unanimous verdict to convict a defendant of a serious offense.

2

of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Kelly's conviction became final on April 8, 2019, 90 days after the Louisiana Supreme Court denied writs, when his time for seeking further review expired. *See id.*; U.S. Sup. Ct. R. 13. Kelly filed an application for post-conviction relief on March 27, 2020, 354 days after his conviction became final. The application remained pending in the state courts until the Louisiana Supreme Court denied writs on September 27, 2021. At that time tolling ended, and the statute of limitations resumed with only 11 days of the one-year prescriptive period remaining. Kelly did not file the Petition until February 2, 2022, almost four months too late.

###       C.    Kelly does not establish his entitlement to equitable tolling.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, a petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Kelly alleges that he should receive equitable tolling because of the COVID-19 pandemic and limited access to the law library. But Kelly fails to demonstrate in what ways the pandemic prevented him from timely filing his federal habeas petition. "[M]ere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance'" warranting the application of equitable tolling. *Turner v. Mississippi*, 3:21-CV-235, 2022 WL 125028, at *3 (N.D. Miss. 2022) (citing *Young v. Mississippi*, 2021 WL 4190646, at * 5 (S.D. Miss 2021) (citations omitted)).

Restrictions on a petitioner's library access due to the pandemic are insufficient to warrant equitable tolling. *United States v. Hall*, 16-CR-68, 2021 WL 4989884, at *3 (E.D. La. 2021).

Moreover, Kelly does not allege that he was misled by Respondents or otherwise prevented from timely filing a Petition. His conviction became final in April 2019, well before the pandemic was confirmed to spread to the United States.

### III. Conclusion

Because Kelly's § 2254 Petition is untimely and he is not entitled to equitable tolling, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, March 29, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

6